**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELI ZHADANOV, | |
| Plaintiff, | Case No.: 1:26-cv-8661 |
| v. | |
| HOMEWERKS WORLDWIDE, LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

**COMPLAINT**

Plaintiff, Eli Zhadanov ("Zhadanov" or Plaintiff), by and through his undersigned counsel, hereby complains of Defendant, Homewerks Worldwide, LLC ("Homewerks" or "Defendant"), as follows:

**NATURE OF THE CASE**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. including 35 U.S.C. § 271. Zhadanov seeks injunctive relief, damages, attorneys' fees, and all other available and appropriate relief for Defendant's infringement of U.S. Patent No. 12,485,435 ("the '435 Patent") (attached as Exhibit A) and U.S. Patent No. 11,992,850 ("the '850 Patent") (attached as Exhibit B).

**THE PARTIES**

2.      Zhadanov is an individual who resides in Brooklyn, New York. Zhadanov is the President of showerhead seller Interlink Products International, Inc. and is the named inventor and owner of all right, title, and interest in the '435 and '850 Patents.

3.      On information and belief, Homewerks is a Delaware corporation with its principal place of business at 55 Albrecht Drive Lake Bluff, IL 60044.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq*., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

5.      Personal jurisdiction exists over Homewerks in Illinois because Homewerks has its principal place of business in Illinois.

6.      Personal jurisdiction over Homewerks is further supported by the fact that Homewerks regularly transacts business in Illinois and this district, including the sale and offering for sale of the products accused of infringement herein. As such, Homewerks has purposefully availed itself of the privilege of conducting business within this judicial district; has engaged in acts of patent infringement within this district; has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being required to appear before a court in this judicial district; has purposefully directed its infringing activities at residents of this judicial district; and a substantial portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Homewerks resides in this district and has an established place of business in this district where it has committed acts of infringement.

## GENERAL BACKGROUND

### Zhadanov

8.      Zhadanov founded Interlink Products International, Inc. ("Interlink") in 1996 as a company that specializes in the development, production and marketing of shower and bath products.

9.     Interlink's products include several lines of showerheads that can be purchased in the stores of major national retailers like Walmart, The Home Depot and Lowe's Home Improvement ("Lowe's"), and online from platforms like Amazon.com, Lowes.com, Walmart.com, and Wayfair.com.

10.    Zhadanov's AquaCare® showerheads, which are offered for sale through Interlink, include models sold under the '435 and '850 Patents, one of which (the AquaCare® 8-setting handheld showerhead, Model 2639M) is among the top-selling showerheads in the United States. Examples of Plaintiff's products sold under the '435 and '850 Patents are shown below.



11. The '435 and '850 Patents claim novel handheld showerheads that feature at least two water jets on the top of the showerhead that provide different spray modes ("2-Mode Power Wash"). 2-Mode Power Wash (an example of which is shown below) is a central feature of Interlink's top-selling AquaCare® handheld showerhead, which Interlink supplies to Lowe's and which Lowe's sells in its stores and online.

 

12. Interlink is the sole licensee of the '435 and '850 Patents and serves as the vehicle through which Zhadanov practices and monetizes the inventions that are the subject of the patents.

**Homewerks' Infringement**

13. Homewerks is a producer of shower and bath products that competes directly with Interlink for both consumer and wholesale customers.

14. Like Interlink, Homewerks supplies Lowe's with showerhead products; however, Homewerks' sales to Lowe's include the supply of private-label showerheads that are resold to consumers under Lowe's Allen + Roth brand.

15. Lowe's sells, in its stores and online, Allen + Roth showerheads supplied by Homewerks that infringe the '435 and '850 Patents. These products, which are marketed as the "Nevis" line of showerheads and sold in various finishes, are listed in the following table:

| MODEL NUMBER | HOMEWERKS' PRODUCT IMAGES |
|---|---|
| Item #5283470 / Model #3071-02418-ARCH (handheld)<br><br>Item #5283461 / Model #3074-02618-ARCH (combo) | |
| Item #5283473 / Model #3071-02418-ARBN (handheld)<br><br>Item #5986558 / Model #3074-02618-ARBN (combo) | |

| | |
|---|---|
| Item #5283471 /Model #3071-02418-ARMB (handheld)<br><br>Item #5986562 / Model #3074-02618-ARMB (combo) |  |
| Item #5986563 / Model #3074-02618-AROB (combo) | |

6

16.     As reflected above, Homewerks sells the showerheads at issue either as stand-alone handheld showerheads or as the handheld component to combo showerheads (showerheads that include both a traditional fixed showerhead and a handheld showerhead, both of which are connected to a diverter that directs the flow of water to each showerhead). The products listed in the preceding table, and any products consisting of or including a handheld showerhead having the same functional configuration, are referred to hereinafter as "the Accused Products."

17.     Each of the Accused Products infringes the claims of the '435 and '850 Patents.

18.     Homewerks sells the Accused Products to Lowe's, and ultimately to consumers, in direct competition with Zhadanov's products sold through Interlink. In fact, Lowe's stocks the infringing products on the same shelves with Plaintiff's AquaCare® 2-Mode Power Wash handheld showerhead.

19.     2-Mode Power Wash  is the central feature of the Accused Products that drives their sales and distinguishes them from similar, non-infringing products. The significance of this feature is evident from the heavy emphasis Defendant places on the feature in its marketing for the products, as reflected in the following sequential screenshots from a promotional video for the products on the Lowes.com website (captioning of voiceover shown):





20.    All of the Nevis Accused Products share the same handheld showerhead with 2-Mode Power Wash. The differences between the products are the finishes and whether the handheld is included in a combo showerhead or sold as a stand-alone product.

21.    2-Mode Power Wash is also a central selling point of Zhadanov's products sold under the patents, as reflected in the example of the advertising for the top-selling AquaCare® 2-Mode Power Wash product shown below.



22. Prior to filing this Complaint, Zhadanov, through his attorneys, notified Homewerks of its infringement, but Homewerks continues to sell the Accused Products.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PAT. NO. 12,485,435

23. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

24. In general terms, the '435 Patent claims a handheld showerhead that provides for the flow of water through at least two nozzles disposed in the head portion which are configured to provide two different types of water flow in a direction that is transverse to the flow of water out of the face of the showerhead. *See* Patent Drawings below.



25. Each of the limitations of at least claims 1, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the '435 Patent are present in the Accused Products.

26. The Accused Products allow a user to control the flow of water through nozzles on the face of the handheld showerhead, in one direction, and three nozzles located near the top of the

showerhead, in a direction transverse to the flow of water emanating from the nozzles on the face of the showerhead.

27. The nozzles at the top of the handheld showerhead can be used to rinse and clean the shower. These cleaning nozzles provide two different types of water flow streams: a jet that emanates from the center nozzle and a wider, flat stream from the two side nozzles.

28. Defendant has directly infringed one or more claims of the '435 Patent by offering for sale, selling, using, importing, and distributing the Accused Products in the United States.

29. On information and belief, Defendant has directly infringed one or more claims of the '435 Patent by causing the Accused Products to be made for importation and sale in the United States.

30. Defendant's commercial activities related to sale of the Accused Products constitute the willful, knowing disregard of the '435 Patent and intentionally induce infringement of the '435 Patent by purchasers.

31. Defendant has engaged in its infringing activities intentionally and with full knowledge that the Accused Products infringe the claims of the '435 Patent.

32. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

33. At all relevant times, Plaintiff (through Interlink) sells and has sold products that compete directly with the Accused Products. As a result of Defendant's infringement, Plaintiff has suffered direct competitive harm, including loss of market share, harm to goodwill, and lost sales.

34. Defendant's infringement is ongoing and has injured and will continue to injure Plaintiff unless an injunction issues prohibiting further infringement, including enjoining further sale of Defendant's infringing products.

**COUNT II**
**INDUCED INFRINGEMENT OF U.S. PAT. NO. 12,485,435**

35. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

36. Lowe's directly infringes the '435 Patent by offering to sell and selling the Nevis line of showerheads within the United States.

37. Lowe's sells the Nevis line of showerheads to end-user customers within the United States, and those end-user customers directly infringe the '435 Patent by using the Nevis showerheads in accordance with their intended purpose.

38. Defendant has actively induced and continues to actively induce Lowe's and Lowe's customers to directly infringe the '435 Patent in violation of 35 U.S.C. § 271(b).

39. Defendant causes to be manufactured, imports, and sells the Nevis line of showerheads to Lowe's for the express purpose of resale under Lowe's private label.

40. Defendant has taken active, affirmative steps to encourage Lowe's to offer for sale, sell, and distribute the Nevis showerheads to end-user customers in the United States, including but not limited to:

- Negotiating and entering into supply agreements with Lowe's for the manufacture and delivery of the Nevis showerheads;

- Manufacturing the Nevis showerheads branded for Lowe's private-label resale to consumers in the United States;

11

- Shipping the Nevis showerheads to Lowe's distribution centers throughout the United States;

- Providing product specifications, marketing materials, and technical information to Lowe's regarding the Nevis showerheads;

- Maintaining an ongoing commercial relationship with Lowe's for the continued supply of the Nevis showerheads.

41. Defendant has further induced purchasers to use the Accused Products through its product packaging and instructions for installation and use of the products.

42. Defendant has induced such infringement willfully and intentionally, with the knowledge that its actions would result in such infringement.

43. Defendant had actual knowledge of the '435 Patent during its supply of the Nevis showerheads to Lowe's.

44. On or about March 5 and May 6, 2026, Zhadanov provided Defendant with written notice identifying the '435 Patent and specifically informing Defendant that the Nevis line of showerheads supplied to Lowe's infringe the claims of the '435 Patent.

45. The notice provided by Zhadanov to Defendant included detailed preliminary claim charts demonstrating how the Nevis showerheads meet each and every limitation of at least Claims 10 and 16 of the '435 Patent.

46. After receiving Zhadanov's notice, Defendant had actual knowledge that the Nevis showerheads infringe the '435 Patent and that Lowe's sale and distribution of the Nevis showerheads to consumers, and consumer use of the showerheads, constitutes direct infringement of the '435 Patent.

47.     Despite having actual knowledge of the '435 Patent and the infringing nature of the Nevis showerheads, Defendant continued to manufacture, import, and supply the Nevis showerheads to Lowe's for resale to consumers.

48.     Defendant's continued supply of the Nevis showerheads to Lowe's after receiving notice from Zhadanov demonstrates Defendant's specific intent to cause and encourage Lowe's and Lowe's customers to directly infringe the '435 Patent.

49.     Defendant's conduct in supplying the infringing Nevis showerheads to Lowe's with knowledge of the '435 Patent and knowledge that such conduct would cause Lowe's and its customers to infringe constitutes active inducement of infringement under 35 U.S.C. § 271(b).

50.     As a direct and proximate result of Defendant's inducement of infringement of the '435 Patent, Zhadanov has been and continues to be injured and has suffered damages in an amount to be determined at trial.

## COUNT III
## INFRINGEMENT OF U.S. PAT. NO. 11,992,850

51.     Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

52.     In general terms, the '850 Patent discloses and claims a handheld showerhead that provides for the flow of water through at least two nozzles disposed in the head portion which are configured to provide two different types of water flow in a direction that is transverse to the flow of water out of the face of the showerhead. The claims of the '850 Patent include limitations concerning the type of pathways pertinent to the flow of water through the showerhead and the types of spray patterns produced by the power-wash nozzles.

53.     Each of the limitations of the claims of the '850 Patent are present in the Accused Products.

54. Defendant has directly infringed one or more claims of the '850 Patent by importing, using, selling, distributing, and offering for sale the Accused Products in the United States.

55. On information and belief, Defendant has directly infringed one or more claims of the '850 Patent by making the Accused Products or causing them to be made for importation and sale in the United States.

56. Defendant has engaged in its infringing activities intentionally and with full knowledge that the Accused Products infringe the claims of the '850 Patent.

57. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

58. At all relevant times, Plaintiff (through Interlink) sells and has sold products that compete directly with the Accused Products. As a result of Defendant's infringement, Plaintiff has suffered direct competitive harm, including loss of market share, harm to goodwill, and lost sales.

59. Defendant's infringement is ongoing and has injured and will continue to injure Plaintiff unless an injunction issues prohibiting further direct and induced infringement, including enjoining further sale of Defendant's infringing products.

## COUNT IV
## INDUCED INFRINGEMENT OF U.S. PAT. NO. 11,992,850

60. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

61. Lowe's directly infringes the '850 Patent by offering to sell and selling the Nevis line of showerheads within the United States.

14

62.     Lowe's sells the Nevis line of showerheads to end-user customers within the United States, and those end-user customers directly infringe the '850 Patent by using the Nevis showerheads in accordance with their intended purpose.

63.     Defendant has actively induced and continues to actively induce Lowe's and Lowe's customers to directly infringe the '850 Patent in violation of 35 U.S.C. § 271(b).

64.     Defendant causes to be manufactured, imports, and sells the Nevis line of showerheads to Lowe's for the express purpose of resale under Lowe's private label.

65.     Defendant has taken active, affirmative steps to encourage Lowe's to offer for sale, sell, and distribute the Nevis showerheads to end-user customers in the United States, including but not limited to:

- Negotiating and entering into supply agreements with Lowe's for the manufacture and delivery of the Nevis showerheads;

- Manufacturing the Nevis showerheads branded for Lowe's private-label resale to consumers in the United States;

- Shipping the Nevis showerheads to Lowe's distribution centers throughout the United States;

- Providing product specifications, marketing materials, and technical information to Lowe's regarding the Nevis showerheads;

- Maintaining an ongoing commercial relationship with Lowe's for the continued supply of the Nevis showerheads.

66.     Defendant has further induced purchasers to use the Accused Products through its product packaging and instructions for installation and use of the products.

15

67. Defendant has induced such infringement willfully and intentionally, with the knowledge that its actions would result in such infringement.

68. Defendant had actual knowledge of the '850 Patent during its supply of the Nevis showerheads to Lowe's.

69. On or about March 5 and May 6, 2026, Zhadanov provided Defendant with written notice identifying the '850 Patent and specifically informing Defendant that the Nevis line of showerheads supplied to Lowe's infringe the claims of the '850 Patent.

70. The notice provided by Zhadanov to Defendant included detailed preliminary claim charts demonstrating how the Nevis showerheads meet each and every limitation of at least Claims 10 and 16 of the '850 Patent.

71. After receiving Zhadanov's notice, Defendant had actual knowledge that the Nevis showerheads infringe the '850 Patent and that Lowe's sale and distribution of the Nevis showerheads to consumers, and consumer use of the showerheads, constitutes direct infringement of the '850 Patent.

72. Despite having actual knowledge of the '850 Patent and the infringing nature of the Nevis showerheads, Defendant continued to manufacture, import, and supply the Nevis showerheads to Lowe's for resale to consumers.

73. Defendant's continued supply of the Nevis showerheads to Lowe's after receiving notice from Zhadanov demonstrates Defendant's specific intent to cause and encourage Lowe's and Lowe's customers to directly infringe the '850 Patent.

74. Defendant's conduct in supplying the infringing Nevis showerheads to Lowe's with knowledge of the '850 Patent and knowledge that such conduct would cause Lowe's and its customers to infringe constitutes active inducement of infringement under 35 U.S.C. § 271(b).

16

75.     As a direct and proximate result of Defendant's inducement of infringement of the '850 Patent, Zhadanov has been and continues to be injured and has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A.  An award of damages for Defendant's direct and indirect infringement of the '435 and '850 Patents, including Zhadanov's lost profits and/or reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date Defendant's infringement of the patents commenced;

B.  Increased damages as permitted under 35 U.S.C. § 284;

C.  Preliminary and permanent injunctive relief prohibiting further direct and indirect infringement of the '435 and '850 Patents;

D.  A finding that this case is exceptional and an award to Zhadanov of his attorneys' fees and costs as provided by 35 U.S.C. § 285;

E.  Any other relief in Plaintiff's favor that the court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: July 21, 2026

Respectfully submitted,

/s/Benjamin A. Campbell
Edward L. Bishop
ebishop@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
BISHOP & DIEHL, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123

Jason B. Lattimore (*pro hac vice* to be filed)
JASON B. LATTIMORE, ESQ. LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Jason@Lattimorelaw.com

*Counsel for Plaintiff*

18